UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JESSICA E. PINCKNEY, individual, and on
behalf of all other similarly situated,

          Plaintiff,

    v.

THE STOP & SHOP SUPERMARKET
COMPANY LLC,

          Defendant.

Civil Action No. 1:26-cv-13416

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant The Stop & Shop Supermarket Company LLC ("Defendant") hereby removes this action from the Norfolk County Superior Court of the Commonwealth of Massachusetts to this Court. As grounds for removal, Defendant states as follows:

1. On or about June 19, 2026, Plaintiff Jessica E. Pinckney filed a lawsuit in Norfolk County Superior Court, entitled *Pinckney v. The Stop & Shop Supermarket Company LLC*, Civil Action No. 2682CV00707 (the "State Court Action").

2. Defendant received a copy of the Summons and Complaint on July 8, 2026.

3. Therefore, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

4. True and correct copies of all relevant process, pleadings, and orders that have been received by Defendant in the State Court Action are attached hereto as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

5. This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. § 1331 because it presents a federal question under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## I.    FEDERAL QUESTION JURISDICTION

6.    Under 28 U.S.C. § 1331, federal courts have original jurisdiction over all actions arising under the Constitution, laws, or U.S. treaties.

7.    This Court has original jurisdiction over the State Court Action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) ("Section 301"). The LMRA states that federal courts have jurisdiction over "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations." 29 U.S.C. § 185(a).

8.    Under the doctrine of complete preemption, the preemptive force of a federal statute may convert an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393-94 (1987).

9.    Section 301 of the LMRA possesses this complete preemptive force. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 23-24 (1983). Thus, "if the resolution of a state law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988). Substantive federal principles permit removal under federal question jurisdiction where at least one of a plaintiff's claims is pre-empted by § 301. *Id.* at 406, n.5; *see also United Steelworkers of America v. Rawson*, 495 U.S. 362, 368 (1990); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985); *Flibotte v. Pa. Truck Lines, Inc.*, 131 F.3d 21, 25-27 (1st Cir. 1997); *Jackson v. Liquid Carbonic Corp.*, 863 F.2d 111, 118 (1st Cir. 1988).

10.     Plaintiff was a member of United Food & Commercial Workers Union Local 328 ("Union"), and the terms and conditions of her employment were governed by a collective bargaining agreement ("CBA") between Defendant. and the Union.

11.     Plaintiff's Complaint asserts violation of the Massachusetts Wage Act, M.G.L. c. 149, §§ 148, 150.

12.     Although Plaintiff does not directly identify the CBA in her Complaint, these claims are sufficiently bound up in the CBA to require the application of federal law. *See Allis-Chalmers*, 471 U.S. at 220.

13.     Plaintiff's claims relate to alleged failure to pay vacation time, under the Massachusetts Wage Act, M.G.L. c. 149, § 148. *See* Compl., ¶¶ 14, 29.

14.     Any entitlement that Plaintiff may have had to vacation time was as provided under the terms of the applicable CBA. Further, the amount of vacation, and the rate at which any alleged vacation time would have to be paid out, is set forth and dependent on the terms of the CBA. Plaintiff's claim therefore hinges upon the CBA, and requires interpretation of the CBA.

15.     Further, the applicable CBA calls for grievance and arbitration procedures to resolve disputes between employers and employees.  Any dispute regarding vacation time or wages owed would be subject to this grievance and arbitration procedure.

16.     Plaintiff's claims of failure to pay wages under M.G.L. c. 149, § 148 are therefore completely preempted by Section 301.

17.     This Court thus has subject matter jurisdiction over Plaintiff's claims. *See* 28 U.S.C. § 1331. For this reason, this case may be removed to this Court by Defendant, pursuant to 28 U.S.C. §§ 1441(a) and 1446.

3

18.    The State Court Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Norfolk County Superior Court in the Commonwealth of Massachusetts, which lies within this District.

### III.    NOTICE TO STATE COURT AND PLAINTIFF REGARDING REMOVAL

19.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served this day via email upon Plaintiff's counsel. A copy of this Notice of Removal attached to the Notice of Filing of Notice of Removal, attached hereto as **Exhibit B**, will also be filed promptly with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Norfolk County.

20.    By filing this Notice, Defendant does not waive its rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and specifically reserves the right to assert any defense and/or objections to which it may be entitled.

WHEREFORE, Defendant respectfully requests that the State Court Action hereinafter proceed in the United States District Court for the District of Massachusetts.

Respectfully Submitted,

THE STOP & SHOP SUPERMARKET

COMPANY LLC,

By Its Attorneys,

*/s/ Stephen T. Melnick*
Stephen T. Melnick (BBO No. 667323)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
smelnick@littler.com

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing, and will be sent via e-mail to plaintiff's counsel of record on July 27, 2026:

Raymond Dinsmore, Esq.
Ryan B. Guers, Esq.
Hayber, McKenna & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA 01144
rdinsmore@hayberlawfirm.com
rguers@hayberlawfirm.com


/s/ Stephen T. Melnick
Stephen T. Melnick