# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 34469042**
**Date Processed: 07/08/2026**

| | |
|---|---|
| **Primary Contact:** | Nykema R Alexander<br>Delhaize America<br>2110 Executive Dr<br>Salisbury, NC 28147-9007 |
| **Electronic copy provided to:** | Michelle Powell<br>Denise Moore |

| | |
|---|---|
| **Entity:** | The Stop & Shop Supermarket Company LLC<br>Entity ID Number  2114714 |
| **Entity Served:** | The Stop & Shop Supermarket Company LLC |
| **Title of Action:** | Jessica E. Pinckney, Individually, and On Behalf of All Others Similarly Situated vs. The Stop & Shop Supermarket Company LLC |
| **Matter Name/ID:** | Jessica E. Pinckney, Individually, and On Behalf of All Others Similarly Situated vs. The Stop & Shop Supermarket Company LLC (19543842) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Norfolk County Superior Court, MA |
| **Case/Reference No:** | 2682CV00707 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 07/07/2026 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Hayber, Mckenna & Dinsmore, LLC<br>413-785-1400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 2682-CV-00707

Jessica E. Pinckney, individually,
and on behalf of all
others similarly situated _____, Plaintiff(s)

v.

The Stop & Shop Supermarket
Company LLC _____, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Raymond Dinsmore, Esq., plaintiff's attorney, whose address is Hayber, McKenna & Dinsmore, LLC, One Monarch Place, Ste. 1340 Springfield, MA 01144 - rdinsmore@hayberlawfirm.com an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Michael D. Ricciuti, Esquire , at _____ the 30th

day of ____June_____, in the year of our Lord two thousand and twenty-six

A true copy Attest:

7/3/26

Deputy Sheriff.Suffolk County

Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................., 20_____ , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..............................................................................................................................................

..............................................................................................................................................

..............................................................................................................................................

Dated: _____ , 20 ............................................................................................

N. B.  TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| , 20 . |
| --- |

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 2682-cv-00707

Jessica E. Pinckney, individually, and on behalf of all others similarly situated, Plaintiff

v.

The Stop & Shop Supermarket Company LLC, Defendant

SUMMONS

(Mass. R. Civ. P.4)

Date Filed 6/19/2026 1:09 PM
Superior Court - Norfolk
Docket Number

Docketed 06/22/2026

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

NORFOLK, ss.                                          Civil Docket No.: 2682CV00707

| |
|---|
| JESSICA E. PINCKNEY, individually, and on behalf of all others similarly situated, |
| Plaintiff, |
| v. |
| THE STOP & SHOP SUPERMARKET COMPANY LLC, |
| Defendant. |

## CLASS ACTION COMPLAINT AND JURY DEMAND

### I.     INTRODUCTION

1.      Employers in Massachusetts must pay all final wages due of "any employee discharged from such employment ... in full *on the day* of [her] discharge." Massachusetts Wage Act (the "Wage Act"), M.G.L. c. 149 § 148 (emphasis added).

2.      Employers who fail to pay all final wages when they are owed are liable for three times the amount of the unpaid wages plus interest, costs, and attorneys' fees, even if the final wages are paid prior to litigation. *See* M.G.L. c. 149 § 150; *Reuter v. City of Methuen*, 184 N.E.3d 772, 781 (Mass. 2022).

3.      Here, Defendant employs thousands of workers in Massachusetts and fails to maintain procedures ensuring that Massachusetts employees receive their full final wages due on the date of their termination. *See* M.G.L. c. 149 § 148. Instead, Defendant pays terminated employees their final wages days after termination in violation of Massachusetts law. *Id.*

### II.     PARTIES

4.      Defendant, The Stop & Shop Supermarket Company LLC ("Stop & Shop" or

1

"Defendant") is a foreign limited liability company with principal offices located at 1385 Hancock Street, Quincy, MA 02169. Defendant's Massachusetts resident agent is Corporation Service Company, located at 84 State Street, Boston, MA 02109. Defendant owns and operates retail establishments throughout the northeast United States, including the its location at 39 Nathan Ellis Highway, Mashpee, MA 02649.

5.    Plaintiff, Jessica E. Pinckney ("Pinckney" or "Plaintiff"), is an adult resident of Mashpee, Barnstable County, Massachusetts.

### III.    JURISDICTION

6.    This Court has jurisdiction over this matter pursuant to M.G.L. c. 149 §§ 148, 150 and M.G.L. c. 223A §§ 2, 3.

7.    Venue is proper pursuant to M.G.L. c. 223 § 1.

8.    On June 8, 2026, Plaintiff received authorization from the Massachusetts Office of the Attorney General, Fair Labor Division, to pursue claims for late-paid and unpaid wage, individually and on behalf of all other similarly situated employees, against Defendant (copy of Private Right of Action Authorization attached as Exhibit "A").

### IV.    FACTS

9.    Defendant owns and operates hundreds of Stop & Shop locations throughout the northeast United States.

10.    At all times relevant to this action, Defendant employed Plaintiff as a full-time Associate at its establishment located at 39 Nathan Ellis Highway, Mashpee, MA 02649.

11.    Defendant employed Plaintiff from on or about January 19, 2023 until her involuntary termination on May 4, 2025.

12.    As a result, Defendant was required to pay Plaintiff her final wages, including the value of her accrued vacation time, on May 4, 2025. *See* M.G.L. c. 149 § 148.

2

13.    Notwithstanding its obligation to pay Plaintiff's final wages, in full, on the date of her termination, Defendants failed to do so.

14.    Instead, on or about May 8, 2025, Defendant tendered payment for Plaintiff's final hours worked.  This payment failed to compensate Plaintiff for any portion of her 40 hours of accrued vacation time, which, as of the date of this Complaint, remains unpaid.

15.    Defendant's failure to pay Plaintiff her final wages, in full, on the date of her discharge renders Defendant strictly liable for three times the amount of the late-paid and unpaid wages, plus interest, costs, and attorneys' fees. *See* M.G.L. c. 149 § 150; *Reuter*, 184 N.E.3d at 781.

16.    Upon information and belief, Defendant implemented and maintained, and continues to implement and maintain, a common policy which fails to ensure timely payment of final wages to involuntarily separated Massachusetts workers.

17.    Defendant's common policy and/or practice applies equally to Plaintiff and the Class.

18.    Defendant's policy and/or practice resulted in the illegal failure to pay all wages due and owing to Plaintiff and the Class as of the date of their involuntary terminations.

## V.    CLASS ACTION ALLEGATIONS

19.    Plaintiff brings this Action on behalf of herself and all other members of the putative class.

20.    The putative class is defined as follows:

All Massachusetts employees of Defendant who were involuntarily terminated during the three years immediately preceding this lawsuit, through the date of final judgment in this matter.

3

21.     Class certification for this Massachusetts state law claim is appropriate under Mass R. Civ. P. 23 because Plaintiff and the putative Class meet all requirements of Mass. R. Civ. P. 23.

22.     The putative Class is so numerous that joinder of all putative class members is impracticable. Upon information and belief, Defendant employed hundreds of employees in Massachusetts who were subject to the challenged practices and procedures discussed herein during the period of the claim.

23.     There are questions of law and fact common to Plaintiff and the members of the putative Class, including whether Defendant failed to compensate Plaintiff and the members of the putative Class for the value of their final wages, in full, on the date of discharge, as required by the Wage Act. *See* M.G.L. c. 149 § 148.

24.     Plaintiff's claims are typical of the claims of the putative Class. Plaintiff's claims encompass Defendant's challenged course of conduct discussed herein. Furthermore, Plaintiff's claims are based on the same legal theories as the claims of the putative Class. The legal issues as to the violation of the Wage Act by Defendant's unlawful policy which fails to pay its terminated employees, in full, on the date of their discharge applies equally to Plaintiff and the putative Class.

25.     Plaintiff will fairly and adequately protect the interests of the putative Class. Plaintiff's claims are not antagonistic to those of the putative Class and Plaintiff hired counsel skilled in the prosecution of wage and hour class actions.

26.     Common questions of law and fact predominate over questions affecting individual members of the putative Class.

4

27.    This proposed class action is the superior method of adjudication because it presents few management difficulties, conserves the resources of the Parties and the court, protects the rights of each member of the putative Class, and maximizes recovery to Plaintiff and the members of the putative Class.

## VI.    LEGAL CLAIMS

### COUNT I: Violation of the Massachusetts Wage Act, M.G.L. c. 149 §§ 148, 150

28.    Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

29.    In maintaining a policy and practice that resulted in failing to pay Plaintiff and the putative Class Members their final wages, in full, on the date of their discharge, Defendant violated the Wage Act. *See* M.G.L. c. 149 § 148.

30.    As a result, Defendant is strictly liable to Plaintiff and the putative Class for three times the amount of their late-paid and unpaid final wages, plus interest, costs, and attorneys' fees. *See* M.G.L. c. 149 § 150; *Reuter*, 184 N.E.3d at 781.

## VII.    DEMAND FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, requests that the Court:

31.    Certify this case as a class action pursuant to M.G.L. c. 149 § 148; or in the alternative, pursuant to Mass. R. Civ. P. 23;

32.    Appoint Plaintiff as Class Representative;

33.    Appoint the undersigned as Class Counsel;

34.    Award Plaintiff and the Class treble damages pursuant to M.G.L. c. 149 §§ 148, 150;

5

35.     Award Plaintiff and the Class all pre-judgment and post-judgment interest on these damages pursuant to M.G.L. c. 149 §§ 148, 150;

36.     Award Plaintiff's counsel attorneys' fees and costs incurred in the prosecution of this action pursuant to M.G.L. c. 149 §§ 148, 150;

37.     Enter an order permanently enjoining Defendant from maintaining the contested pay practice challenged herein;

38.     Approve the issuance of a service award to Plaintiff; and

39.     Award any other relief as the Court deems just.

## VIII.   JURY DEMAND

Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury as to the allegations contained in this Complaint.

Dated: June 19, 2026

Respectfully submitted,

The Plaintiff,
JESSICA E. PINCKNEY, individually, and
on behalf of all others similarly situated,
By her Attorneys,

/s/ Raymond Dinsmore
Raymond Dinsmore, Esq. (BBO # 667340)
Ryan B. Guers, Esq. (BBO # 713870)
Hayber, McKenna & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA 01144
Phone: (413) 785-1400
Fax: (860) 218-9555
Email: rdinsmore@hayberlawfirm.com
        rguers@hayberlawfirm.com

*Attorneys for Plaintiff and the
putative Class Members*

6

# EXHIBIT A



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

June 8, 2026

Raymond Dinsmore
Hayber, McKenna & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA 01144

rdinsmore@hayberlawfirm.com

RE:    Jessica Pinckney
       Request for Private Right of Action against Stop & Shop

Dear Jessica Pinckney:

Thank you for contacting the Office of the Attorney General's Fair Labor Division. We are in
receipt of your request for a private right of action. Massachusetts General Laws Chapter 149, §
150 establishes a private right of action for alleged violations of certain state wage laws:

- G.L. c. 149, §§ 52D, 52E, 148, 148A, 148B, 148C, 150C, 152, 152A, 159C, or 190; and
- G.L. c. 151, §§ 1A, 1B, 19, or 20

While we have not made a determination of the merits of your claim, this letter serves as the
Attorney General's authorization for you to pursue private action. You may bring an action on
your own or your client's behalf and on behalf of other similarly situated workers. Workers who
win their wage and hour cases in court have a right to collect triple damages, attorneys' fees, and
court costs.

This office will not be taking any further action on your complaint.

Sincerely,

Fair Labor Division
Office of the Massachusetts Attorney General
(617) 727-3465

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2682CV00707 | Massachusetts Trial Court Superior Court | 2 |
|---|---|---|---|
| | | COUNTY Norfolk Superior Court | |

| Plaintiff | Jessica Pinckney | Defendant: | The Stop & Shop Supermarket Company LLC |
|---|---|---|---|
| ADDRESS: | Mashpee, Barnstable County, Massachusetts | ADDRESS: | 1385 Hancock Street |
| | | | Quincy, MA 02169 |
| Plaintiff Attorney: | Raymond Dinsmore, Esq. | Defendant Attorney: | |
| ADDRESS: | Hayber, McKenna & Dinsmore, LLC | ADDRESS: | |
| | One Monarch Place, Suite 1340 | | |
| | Springfield, MA 01144 | | |
| BBO: | 667340 | BBO: | |
| Plaintiff Attorney: | Ryan Guers, Esq. | Defendant Attorney: | |
| ADDRESS: | Hayber, McKenna & Dinsmore, LLC | ADDRESS: | |
| | One Monarch Place, Suite 1340 | | |
| | Springfield, MA 01144 | | |
| BBO: | 713870 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Employment Contract | F | ☒ YES   ☐ NO |

*If "Other" please describe: _____

Is there a claim under G.L. c. 93A?   ☐ YES   ☒ NO

Is there a class action under Mass. R. Civ. P. 23?   ☒ YES   ☐ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)

        Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

        TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Late payment and non-payment of final wages, including unused PTO, in violation of the Massachusetts Wage Act | $500,000.00 |
| | Total | $500,000.00 |

www.mass.gov/courts   Date/Time Printed:06-19-2026 12:57:35

Date Filed 6/19/2026 1:09 PM
Superior Court - Norfolk
Docket Number

| Signature of Attorney/Self-Represented Plaintiff: X /s/ Raymond Dinsmore (BBO # 667340) | Date: | 06/19/2026 |

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X /s/ Raymond Dinsmore (BBO # 667340) | Date: | 06/19/2026 |

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>**2682CV00707** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>Pinckney, Jessica E. et al vs. The Stop & Shop Supermarket Company LLC | Walter F. Timilty<br>Norfolk County |
|---|---|

| TO: Raymond Dinsmore, Esq.<br>Hayber, McKenna and Dinsmore, LLC<br>One Monarch Place<br>Suite 1340<br>Springfield, MA 01144 | COURT NAME & ADDRESS<br>Norfolk County Superior Court<br>650 High Street<br>Dedham, MA 02026 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/21/2026 | |
| Response to the complaint filed (also see MRCP 12) | | 10/20/2026 | |
| All motions under MRCP 12, 19, and 20 | 10/20/2026 | 11/19/2026 | 12/21/2026 |
| All motions under MRCP 15 | 10/20/2026 | 11/19/2026 | 12/16/2026 |
| All discovery requests **and depositions** served and non-expert depositions completed | 04/20/2027 | | |
| All motions under MRCP 56 | 05/18/2027 | 06/17/2027 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/15/2027 |
| Case shall be resolved and judgment shall issue by | | | 06/21/2028 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>**06/22/2026** | ASSISTANT CLERK | PHONE<br>**(781)326-1600** |
|---|---|---|

Date/Time Printed: 06-22-2026 09:13:21                                                                                      SCV026\ 08/2018

⬚Consent          ⬚Confidential Data          ⬚Merger Allowed          ⬚Manufacturing

**View filings for this business entity:**

ALL FILINGS
Annual Report
Annual Report - Professional
Application For Registration
Certificate of Amendment

[ View filings ]

**Comments or notes associated with this business entity:**

[ New search ]

**Secretary of the Commonwealth of Massachusetts**
William Francis Galvin

## Business Entity Summary

### ID Number: 000867284

| | |
|---|---|
| Request certificate | New search |

**Summary for:  THE STOP & SHOP SUPERMARKET COMPANY LLC**

| The exact name of the Foreign Limited Liability Company (LLC):  THE STOP & SHOP SUPERMARKET COMPANY LLC |
|---|
| Merged with MARLBORO PRODUCTS CO., INC. on 12-29-2006<br>Merged with EVANS REALTY CO., INC. on 12-29-2006<br>Merged with GRAND PANJANDRUM REALTY CO., INC. on 12-29-2006<br>Merged with DAVRIE REALTY CO., INC. on 12-30-2008<br>Merged with PANNELL TAYLOR COMMERCIAL ASSOCIATES, LLC on 11-06-2009<br>Merged with ROCKLAND PLAZA LLC on 12-17-2015<br>Merged with OVERLOOK REALTY CO. LLC on 09-01-2016<br>Merged with LYNN REAL ESTATE COMPANY, LLC on 09-01-2016<br>Merged with TWISS REALTY CO. LLC on 12-28-2019<br>Merged with ELDON REALTY CO., INC. on 12-28-2019<br>Merged with CHELMSFORD COMMERCIAL ASSOCIATES, INC. on 12-28-2019 |

| Entity type: Foreign Limited Liability Company (LLC) | |
|---|---|
| **Identification Number:** 000867284 | **Old ID Number:** |
| **Date of Registration in Massachusetts:** 05-05-2004 | **Date of Revival:** |
| | **Last date certain:** |
| **Organized under the laws of: State:** DE **Country:** USA **on:** 01-30-1989 | |

**The location of the Principal Office:**

Address:    1385 HANCOCK ST.

City or town, State, Zip code, Country:        QUINCY,  MA  02169  USA

**The location of the Massachusetts office, if any:**

Address:    1385 HANCOCK ST.

City or town, State, Zip code, Country:        QUINCY,  MA  02169  USA

**The name and address of the Resident Agent:**

Name:      CORPORATION SERVICE COMPANY

Address:    84 STATE ST.

City or town, State, Zip code, Country:        BOSTON,  MA  02109  USA

**The name and business address of each Manager:**

| Title | Individual name | Address |
|---|---|---|
| MANAGER | ROGER WHEELER | 1385 HANCOCK STREET QUINCY, MA 02169 USA<br>USA |
| MANAGER | ROBERT YAGER | 1385 HANCOCK STREET QUINCY, MA 02169 USA<br>USA |
| MANAGER | MARY LYNN PHILLIPS | 1385 HANCOCK STREET QUINCY, MA 02169 USA<br>USA |

**The name and business address of the person(s) authorized to execute, acknowledge, deliver, and record any recordable instrument purporting to affect an interest in real property:**

| Title | Individual name | Address |
|---|---|---|
| REAL PROPERTY | FRANK MAGLIO | 1385 HANCOCK STREET QUINCY, MA 02169 USA<br>USA |
| REAL PROPERTY | LYDIA FADOOL | 1385 HANCOCK STREET QUINCY, MA 02169 USA<br>USA |
| REAL PROPERTY | ROGER WHEELER | 1385 HANCOCK STREET QUINCY, MA 02169 USA<br>USA |
| REAL PROPERTY | MARY LYNN PHILLIPS | 1385 HANCOCK STREET QUINCY, MA 02169 USA<br>USA |
| REAL PROPERTY | SUSAN SANVILLE | 1385 HANCOCK ST. QUINCY, MA 02169 USA<br>USA |